UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO: 3:18-cr-23-J-20JBT

MELVIN CHARLES CHAPMAN                    ORDER ON MOTION FOR
                                                                     SENTENCE REDUCTION UNDER
                                                                     18 U.S.C. § 3582(c)(1)(A)

_____

**ORDER**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Melvin Charles Chapman is a 65-year-old inmate incarcerated at Coleman Low FCI, serving a 60-month term of imprisonment for possession of a firearm by a convicted felon. (Doc. 47, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 4, 2022. Defendant seeks compassionate release because of the Covid-19 pandemic, his age, and because he is obese and has Type 2 diabetes. (Doc. 53, Motion for Compassionate Release and Exhibits; Doc. 56, Medical Records; Doc. 59, Supplemental Motion for Compassionate Release; Doc. 62, Supplemental Records; Doc. 63, Reply).[1] The United States

---

[1] The reply is not properly before the Court. A party may not file a reply brief as of right, and Defendant neither sought nor obtained leave to file the reply. See Rule 3.01(c), Local Rules, United States District Court, Middle District of Florida.

has responded in opposition. (Doc. 58, Response).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). To be sure, the record indicates that Defendant has Type 2 diabetes, that he is obese[2], and that he is 65 years old. According to the Centers for Disease Control (CDC), each of these conditions increases the risk of severe infection from Covid-19.[3] Notably however, Defendant has already contracted, and recovered from, coronavirus. According to the medical records, Defendant tested positive for Covid-19 on September 2, 2020. (Doc. 62 at 27). Defendant was moved into isolation, and medical staff evaluated him almost daily between September 2 and September 12, 2020. (Id. at 2–27). Defendant remained asymptomatic the entire time he was monitored. After ten days of showing no symptoms, Defendant's Covid-19 diagnosis was deemed resolved.

---

[2] At the time the Probation Office prepared Defendant's Presentence Investigation Report (PSR), Defendant reportedly weighed 255 pounds and he stands 5'9" tall. (Doc. 44 at ¶ 68). According to more recent medical records, Defendant weighed 261 pounds as of August 11, 2020 (Doc. 62 at 28), reflecting a BMI of 38.5.

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

Having recovered from Covid-19, it is uncertain whether Defendant is now immune to the novel coronavirus or whether he is susceptible to reinfection. Early data suggests that reinfection is possible, but that it is rare, with fewer than five cases of reinfection confirmed out of 38 million Covid-19 infections globally.[4] But whether or not Defendant might be susceptible to reinfection, his recovery is significant because it demonstrates his ability to tolerate and recover from Covid-19. As such, the Court concludes that, even after taking Defendant's conditions into account, Covid-19 is not a justification for compassionate release.[5]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of possession of a firearm by a convicted felon. But the offense involved more than simple possession of a single firearm. Rather, police officers found a small cache of weapons after executing a search warrant at Defendant's residence. Police recovered the following firearms from Defendant's home and car: a Charter Arms .357 caliber revolver, a Smith and Wesson .38 caliber revolver, a Hi-Point 9 mm pistol, a Criterion Die & Metal .22 caliber rifle, a Norinco 7.62 mm rifle, a Winchester 30-30 caliber rifle, a Marlin .22 caliber rifle, a Savage Arms .22 caliber rifle, a Remington 20-gauge shotgun, a Derringer .38 caliber pistol, and an Intratec 9 mm pistol with a 30-round magazine. (Doc. 44 at ¶ 10). In addition to the guns, police officers discovered heroin, MDMA, fentanyl, marijuana, powder cocaine, crack cocaine, and assorted pills in the home. (Id. at ¶¶ 8, 11). Prior to

---

[4] "Coronavirus Reinfections are Real, but Very, Very Rare," Oct. 13, 2020. https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html.

[5] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

this offense, Defendant had been convicted of a number of serious crimes as well. The prior convictions included manslaughter (1981), escape (1986), possession of cocaine (1991 and 1999), domestic battery (1994), possession of a concealed weapon by a convicted felon (2004), child abuse for having intercourse with a 16-year-old (2004), and introducing marijuana into a correctional facility (2005). (Id. at ¶¶ 32, 33, 35, 36, 38–41).

Defendant has served approximately 36 months of his 60-month term of imprisonment, dating from his arrest on November 16, 2017. (See id. at p. 1). The Court understands Defendant's concerns about Covid-19. However, Defendant does not appear to be at grave risk of serious illness from coronavirus, and in view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant Melvin Charles Chapman's Motion for Compassionate Release (Doc. 53) and Supplemental Motion for Compassionate Release (Doc. 59) are **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of November, 2020.

_____
HARVEY E. SCHLESINGER
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[6] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).